William R. Brennan, Jr., J.
This petition under the Election Law is granted, and the respondent Board of Elections of the County of Nassau is directed to place the name of Sam Donsky on row 8A, the name of Arnold Oshrin on row 8B, and the name of Jordan Roberts on row 9B on the ballot on Primary Day, June 20,1967 in the 7th Election District, 14th Assembly District, City of Long Beach, County of Nassau, State of New York.
A petition was duly filed designating Sam Donsky and Roy Goldstein as candidates for the party position of County Committeemen of the Democratic party for the 7th Election District. Another petition was duly filed purporting to designate Jordan Roberts and Arnold Oshrin for the same office. After objections had been made to the Donsky-Goldstein petition, the Board of Elections made an administrative determination that the petitions were valid and proceeded properly to conduct a drawing by lot between the two slates of candidates as to which group would appear on the respective rows of the voting machine. The Donsky-Goldstein slate drew row A, and Oshrin-Roberts slate row B. Up to this point, the Board of Elections proceeded properly and particularly in accordance with section 242-a (subd. 7, par. [d]) of the Election Law which requires such a drawing.
Subsequently, this court held that the petition purporting to nominate Donsky and Goldstein was insufficient and ineffective for the purpose of designating Goldstein as a candidate. Not having personal jurisdiction over Donsky, this court was unable to declare the petition insufficient as to that candidate. This determination has since been affirmed by the Appellate Division.
Subsequent to this affirmance, the Board of Elections, acting on its own motion, changed the order of machine placement of the respective candidates by placing the Oshrin-Roberts slate on row A and the Donsky slate on row B. The board was without power to make such a change. It is true that, without the necessity of drawing by lot, a petition containing the names of two candidates for party positions as a slate would be given automatic preference to row A on the machine over any petition which designated only one individual for one of the two party posts. (Election Law, § 242-a, subd. 7, par. [e].) At the time the board held the drawing by lot, however, it had affirmatively *838 determined that both petitions were valid. Th.e mere fact that this court subsequently reversed the determination of the Board of Elections as to the validity of the petition could in no way affect the validity of the drawing. The case of Matter of Mutter v. Cohen (156 Misc. 564, affd. 245 App. Div. 856) is clearly distinguishable. In that case the Board of Elections improperly proceeded to hold the drawing by lot before it had made any administrative determination as to the validity of one petition. What it should have done, said the court, was to make an administrative determination of the validity of the petition and proceed by drawing or otherwise in accordance with the statutory mandate dependent upon the determination it made as to the validity of the petition. This it did not do in that case.
In the case at bar, it proceeded correctly and made its administrative determination of the validity of both petitions. Thereafter drawing by lot became .statutorily mandated.
Once the positions have been fixed on the voting machine at the administrative level and in accordance with proper administrative procedure, they should not be altered, changed or disturbed by the administrative agency absent an order of the court.
Thus, in a proper case the court might, in invalidating a petition, make further directions as to the placement of candidates on the machine.
Moreover, it might be noted that Donsky participated in the drawing by lot and is thus bound by it. In the Mutter case, the disqualified candidates had participated and the qualified candidates were therefore required to have drawn lots with people who were in effect utter and complete strangers to the proceeding.
The sense of the foregoing becomes apparent when the time factor is considered. As soon as the Board of Elections as an administrative agency makes a determination as to placement of candidates on election machines, the respective candidates, as they have in this case, go to great expense and time in having printed the usual political posters, pamphlets, leaflets, hand cards, etc., which give conspicuous emphasis to the row and the line on the machine where the public can find their candidate. A unilateral reversal or change of these positions by a Board of Elections can only result in great confusion, as it has in this case. Although the Election Law provides for speedy and expeditious determination of election matters, including the appellate phase thereof, it is nevertheless common knowledge that final determinations of election matters are quite frequently not made until the eve of an election. Thus, a Board of Elections if allowed to proceed on its own motion and without notice *839 might be changing ballot positions practically on the eve of an election with no possibility afforded to any candidate or the public at large to be properly informed or to pursue appropriate remedies.
Respondent Donsky also urges upon the court that Roberts is the only petitioner and that Oshrin not being a party to this proceeding cannot obtain relief.
Counsel for Roberts stated in open court that he also represented Oshrin who joins in this proceeding. As was stated in Matter of Mutter v. Cohen (supra, p. 566): “In so far as the other petitioners * * * are concerned, having joined in this
application and having authorized the same attorney to represent them from the inception, and there being no time limitation for the commencement of this proceeding by them, they may be treated as the aggrieved candidates who have instituted this proceeding or on whose behalf it was instituted; and hence this court has jurisdiction since the question involved may also be deemed to affect the form of the ballot.” (Emphasis supplied.) (It may be noted that there was a time limitation in Matter of Elovitch, decided by me last week.)